In the Matter of ABRAHAM ABER, Petitioner.
AUTOMOBILE BANKING CORPORATION, Respondent.

Supreme Court, Special Term, New York County, December 22, 1942.

*Manfred Wolkiser* for petitioner.

*Jules Shank* for respondent.

VALENTE, J.  The seizure of petitioner's car occurred prior to the effective date of the 1942 amendments to the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*).  Section 101 of the 1940 statute (U. S. Code, tit. 50, Appendix, § 511) provided that the term " persons in military service ", as used therein, included only the branches of our forces therein specifically enumerated " and no others ".  The Enlisted Reserve Corps was not one of the branches of service thus enumerated and the seizure of petitioner's car, therefore, did not violate the 1940 statute.  To the extent that petitioner seeks an order declaring the detention of the car illegal and directing its return, his application must be denied.

Petitioner is, however, entitled to the granting of his motion insofar as it seeks to set aside the notice of sale.  The 1942 amendment, which took effect after the seizure and before the date fixed for the proposed sale, provides that " No sale * * * of property for nonpayment of any sum due under any such obligation [referring to obligations specified in the Act, § 302, subd. (1), as amd. in 1942; U. S. Code, tit. 50, Appendix, § 532, subd. (1)] * * *, whether under a power of sale, under a judgment entered upon warrant of attorney to confess judgment contained therein, or *otherwise,* shall be valid if made after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 * * * and during the period of military service * * * unless upon an order previously granted by the court and a return thereto made and approved by the court."  (Soldiers' and Sailors' Civil Relief Act Amendments of 1942, § 302, subd. 3; U. S. Code, tit. 50, Appendix, § 532.  Italics supplied.)

The obligations referred to in the above quotation, under the terms of the 1942 amendments to subdivision 1 of section 302 of the 1940 Act, include petitioner's obligation to the respondent. [See the Act, § 302, subd. (1); U. S. Code, tit. 50, Appendix, § 532, subd. (1).]  Petitioner, a member of the Enlisted Reserve Corps, has been ordered to report for " military service ", within the meaning of section 106, added by the 1942 Act (U. S. Code, tit. 50, Appendix, § 516), for " military service ", as defined in subdivision 1 of section 101 of the 1940 Act, includes " training or education under the supervision of the United States preliminary to induction into the military service " (U. S. Code, tit. 50, Appendix, § 511, subd. 1).

It follows that the proposed sale of the car without a court order is unauthorized and would, if consummated, constitute a violation of petitioner's rights under the 1942 statute.

Petitioner is further entitled, under paragraph (b) of subdivision (1) of section 700, added by the 1942 Act [U. S. Code, tit. 50, Appendix, § 590, subd. (1), par. (b)], to a stay of the enforcement of his obligation to respondent for the period of his military service, subject to payment of the balance of principal and accumulated interest due and unpaid at the termination of his military service, in equal periodic installments with appropriate interest as provided for under that section.

In the event that an application is made to the court for the sale of the car, the court may make such provision as may be just for appropriate credit to petitioner upon his obligation to respondent.

The motion for reargument is granted and on such reargument the original disposition is modified by denying that branch of the motion which seeks the return of the car to petitioner on the ground that the detention of the car is illegal. In other respects, the original disposition is adhered to. Settle order.